UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOEL MAYES**                                                                                                  **PETITIONER**

v.                                                                                      **CIVIL ACTION NO. 3:08-CV-356-S**

**DEPARTMENT OF CORRECTIONS**                                                              **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner, Joel Mayes, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies (DN 7). Petitioner has filed a response to the Court's Order (DN 8).

In his petition, Petitioner states that he was convicted in Jefferson Circuit Court, Jefferson County, Kentucky, in 1993, 1995, and 1997. He states that he filed a motion under CR 60.02 in January 1998, which was denied in February 1998 and that he did not appeal that denial. He further states that he was paroled on or about December 11, 2002. He states that he was taken off of parole in 2006 but was arrested on new charges. According to Petitioner, on May 21, 2007, he was placed on probation for the new charges. He states that on May 23, 2007, he went to the same probation office where he had been let off of parole nine months earlier, and was arrested for receiving a new felony on parole.

Petitioner argues that he could not have received a new felony on parole because his parole actually had ended on August 6, 2006. Second, Petitioner argues that his right to be protected from double jeopardy has been violated because he is again serving time on the same charges. He states that the grounds he now seeks to raise in this petition for writ of habeas corpus have not previously been raised in either state or federal court.

In his response to his the Court's Order, Petitioner argues that he did exhaust his remedies when in January 1998 he filed a Cr.R. 60.02 motion and in April 1998 he filed a habeas corpus petition, which was denied without the lower court giving Petitioner a response.

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b)[1]; *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner's claims revolve around being arrested on May 23, 2007, for receiving a

---

[1] Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

new felony on parole. Thus, the CR 60.02 motion he filed in January 1998 and his April 1998 habeas corpus petition cannot have exhausted the claim or claims he alleges about his receiving a new felony on parole in May 2007. Petitioner has offered no reason why his petition should be considered exhausted. Consequently, for the foregoing reasons and for the reasons stated in this Court's Order (DN 7), the Court finds that Petitioner's petition for a writ of habeas corpus must be dismissed for failure to exhaust his state-court remedies.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
           1024 Capital Center Drive, Frankfort, KY 40601
4411.009